# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### ST. JOSEPH DIVISION

| | |
|---|---|
| NAYSIA MOSELEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-00480 |
| | ) |
| ADIENT US LLC, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT ADIENT US LLC'S NOTICE OF REMOVAL

Please take notice that pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant Adient US LLC ("Defendant") hereby removes this cause of action to the United States District Court for the Western District of Missouri from the Circuit Court of Jackson County, Missouri. In support of this Notice of Removal, Defendant states as follows:[1]

1. This is a civil action for which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1332 and is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, for the reasons set forth below.

2. On or about May 11, 2020, Plaintiff Naysia Moseley ("Plaintiff") commenced this action against Defendant in the Circuit Court of Jackson County at Kansas City, Missouri (Case No. 2016-CV11746). *See* Exhibit B, which includes Plaintiff's Petition.

3. On or about May 13, 2020, Plaintiff served Defendant with the Petition. *See* Exhibit B, which includes the Summons.

---

[1] *See* Exhibit A, Civil Cover Sheet seeking removal to the Western District of Missouri.

1

HB: 4826-1805-6639.3

Case 4:20-cv-00480-SRB   Document 1   Filed 06/12/20   Page 1 of 8

4. Plaintiff's Petition consists of two counts, which allege violations of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. Ch. 213 *et seq.* Count I alleges "Employment Discrimination – Sex." Count II alleges "Retaliation."

5. As set forth below, this Court has subject matter jurisdiction over this matter and removal is otherwise timely and proper.

### **Complete Diversity of Citizenship of the Parties**

6. A defendant may remove an action based on diversity of citizenship jurisdiction if there is complete diversity between all named plaintiffs and all named defendants, and no properly named defendant is a citizen of the forum state. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

7. Plaintiff alleges in her Petition that her residence is "Kansas City, Missouri, Jackson County." *See* Exhibit B, at ¶ 4. Upon information and belief based on her pleading and Defendant's understanding and records based on her prior employment, Defendant agrees that Plaintiff is a citizen of the state of Missouri, as she resides and is domiciled in Jackson County, Missouri. Plaintiff is therefore a citizen of the State of Missouri.

8. Plaintiff named only one defendant, Adient US LLC, in her Petition.

9. Adient US LLC is a limited liability company. For purposes of diversity jurisdiction, the citizenship of a limited liability company is that of its members. *See GMAC Comm'l Credit LLC v. Dillard's Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Adient is, and was at the time of the filing of this action, a limited liability company established under the laws of the State of Michigan. Adient has only one member, Adient Global Holdings LTD. Adient Global Holdings is a foreign corporation and is organized under the laws of Jersey, Channel Islands, where it also has its principal place of business.

10. Accordingly, Plaintiff is a citizen of Missouri and Defendant is a citizen of Jersey, Channel Islands. *See* Declaration of Lisa DeBone attached hereto as Exhibit C.

11. Additionally, this Court has ruled as to Defendant's citizenship in another case. *See* Order of the Honorable Gary Fenner, attached hereto as Exhibit D. The Court may therefore also take judicial notice of Defendant's citizenship.

12. Complete diversity of citizenship exists here because Plaintiff is a citizen of Missouri (as pleaded by her and conceded by Defendant) and Defendant has established that it is a citizen of Jersey, Channel Islands.

## Amount in Controversy Exceeds $75,000.00

13. Plaintiff does not provide a specific amount for her alleged damages. Plaintiff seeks damages in the form of "economic and non-economic damages…actual and punitive damages…reasonable attorney's fees, together with [Plaintiff's] costs." *See* Exhibit B at ¶¶ 19-20, 26, 28 and "WHEREFORE" paragraphs on pages 4-5.

14. The relevant question to determine the amount in controversy here is whether her claims could legally result in an award in excess of the jurisdictional amount. *Kopp v. Kopp*, 280 F.3d 385, 885 (8th Cir. 2002); *see also Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (noting the propriety of including punitive damages and attorneys' fees in determining the amount in controversy). Unquestionably, they could.

15. With respect to claims for back pay, courts look to "the difference between the value of the compensation the plaintiff would have been entitled to had [s]he remained employed by the defendant and whatever wages [s]he earned during the 'relevant period' . . . Generally, the 'relevant period' runs from the date of termination until the date of reinstatement or judgment."

3

HB: 4826-1805-6639.3

Case 4:20-cv-00480-SRB   Document 1   Filed 06/12/20   Page 3 of 8

*Hartley v. Dillard's Inc.,* 310 F.3d 1054, 1062 (8th Cir. 2002). Plaintiff's annualized final rate of pay was approximately $46,384.00.[2] *See* Exhibit C, at ¶ 7.

16. Plaintiff's employment was terminated January 22, 2019 and she expressly and repeatedly seeks "economic damages." At the end of her employment, she earned $22.30 per hour. *See* Exhibit C, at ¶ 6-7; Exhibit B at ¶¶ 19 and 26.

17. To date, Plaintiff has accrued over 70 weeks of back pay, or more than $62,000.00. Through a trial in approximately 18 months after removal, Plaintiff will have accrued up to approximately $115,000.00 in alleged lost back pay alone. These calculations ***do not*** include ***any*** estimation of overtime, bonuses, potential pay increases, and/or the value of any fringe benefits. However, it is plain that even Plaintiff's alleged lost back pay (at her final regular rate of pay) alone will exceed the jurisdictional amount.

18. Plaintiff also pleads an indefinite amount of non-economic damages, including punitive damages. If the allegations of retaliation, and/or discrimination on the basis of Plaintiff's sex and/or complaints are proven, a jury could easily award a significant amount of such damages. Under the reformed Missouri Human Rights Act, an employer the size of Defendant could be subject to up to $500,000.00 in damages in addition to "actual back pay and interest on back pay." Mo. Rev. Stat. § 213.111(4)(d).

19. Such verdicts are not uncommon. Recent area verdicts under the MHRA have exceeded $75,000:

---

[2] At the time Plaintiff's employment with Defendant was terminated, Plaintiff's hourly rate of pay was $22.30. Assuming Plaintiff worked forty (40) hours a week, fifty-two (52) weeks a year, Plaintiff's annual salary would be $46,384.00. *See* Exhibit C, at ¶ 7.

- *Barrios v. Missouri Department of Corrections*, Case No. 1716-CV16646 (Mo. Cir. Ct. Jackson County, 2019): jury awarded plaintiff $200,000.00 in actual and punitive damages on her discrimination and retaliation claims.

- *Hartmann v. Astellas Pharma U.S., Inc.*, Case No. 1616-CV08024 (Mo. Cir. Ct. Jackson County, 2018): jury awarded plaintiff $6,432,001.00 in actual and punitive damages on his retaliation claim.

- *Daniels v. State of Missouri, Department of Social Services*, Case No. 1516-CV24116 (Mo. Cir. Ct. Jackson County, 2017): jury awarded plaintiff over 4 million dollars in actual and punitive damages on her MHRA claims, including claims of retaliation and sex discrimination.

- *Loving v. Westfall O'Dell, Inc.*, *KC Freightliner Sales, Inc.*, Case No. 07CY-CV08835 (Mo. Cir. Ct. Clay County, 2009): jury awarded plaintiff $375,000.00 in actual and punitive damages on her retaliatory discharge claim.

20. It is also proper to consider the availability of attorneys' fees for purposes of determining the amount in controversy. *See e.g., Pleasant v. Noble Finance Corp.,* 54 F. Supp. 3d 1071, 1080 (W.D. Mo 2014) (citing *Crawford*, 267 F.3d at 766). Even a relatively modest award of actual damages under the MHRA can lead to extensive prevailing party attorneys' fees. For example, in the case of *LaVanden Darks v. Jackson County, Missouri,* the plaintiff obtained a verdict (including claims of sexual harassment, retaliation, and sex discrimination under the MHRA) in his favor for $75,000.00 in compensatory damages also received $371,610.00 in attorneys' fees. Case No. 1716-CV09262 (Mo. Cir. Ct. Jackson County 2019).

21. The amount in controversy in this matter plainly exceeds $75,000.00. Plaintiff's alleged lost wages alone will likely exceed the jurisdictional amount by the time this matter is

tried. Consideration of Plaintiff's claims for unstated amounts of physical/emotional suffering, front pay, and attorneys' fees only adds to the amount. Defendant denies Plaintiff is entitled to any such recovery and expects that it will prevail fully in this matter. However, as a threshold jurisdictional matter, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a).

### Federal Question

22. Additionally, a defendant may remove a case to federal court when it raises a "federal question," pursuant to 28 U.S.C. § 1331 (creating original subject matter jurisdiction for "all civil actions arising under the Constitution, laws, or treaties of the United States.").

23. In "Count II Retaliation," Plaintiff expressly pleads that Adient retaliated against Plaintiff for exercising her rights under the Family and Medical Leave Act. Exhibit B at ¶¶ 23 and 24. Such a claim is an FMLA retaliation or discrimination claim under 29 U.S.C. § 2615(a).

24. Plaintiff has therefore stated a federal claim in her complaint, rendering it subject to removal based on section 1331.

### Venue and Procedural Matters

25. Venue for this removal action is proper in the United States District Court for the Western District of Missouri because the territorial jurisdiction of this Court includes the Circuit Court of Jackson County, Missouri, in which Plaintiff filed her Petition. Removal to this Court is therefore proper under 28 U.S.C. § 1441(a).

26. Through service of process on its Registered Agent, Plaintiff served Defendant with the Summons and Complaint on January 23, 2020. Pursuant to 28 U.S.C. § 1446(b), Defendant has therefore timely filed this Notice of Removal within 30 days of receiving service of Plaintiff's Petition, the initial pleading setting forth the claim for relief and containing grounds for removal.

27. No claim in this matter has been made non-removable by statute.

28. To the extent necessary, Defendant requests that the Court take supplemental jurisdiction over any claims pursuant to 28 U.S.C. § 1367. However, it is Defendant's position that the Court has original and removal jurisdiction over all of Plaintiff's claims.

29. Defendant attaches the court file, which includes any and all process, pleadings, and orders served upon it, as Exhibit B, as required by 28 U.S.C. § 1446(a).

30. Defendant will provide written notice to Plaintiff and file a copy of this Notice with the Circuit Court of Jackson County, Missouri, as required by 28 U.S.C. § 1446(d).

## Conclusion

31. As established above, there is complete diversity of citizenship between Plaintiff (a citizen of Missouri) and Defendant (for purposes of federal jurisdiction, a citizen of Jersey, Channel Islands), and the amount in controversy expressly exceeds $75,000.

32. This action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441, as it is a civil action over which this Court could have had original jurisdiction. No claim at issue in this case has been made non-removable by statute.

33. Additionally, Plaintiff's allegations under the Family and Medical Leave Act state a federal question providing an independent basis for removal and supplemental jurisdiction of this case.

34. To the extent Plaintiff raises other viable claims or legal theories of relief within her Petition, the Court may and should take supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a), as they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

35. Defendant reserves the right to amend or supplement this Notice of Removal.

36. Defendant reserves any and all defenses to the claims alleged by Plaintiff.

Respectfully Submitted,

HUSCH BLACKWELL LLP

*/s/ Katherine T. Pearlstone*
Timothy A. Hilton          MO Bar #61622
Katherine T. Pearlstone    MO Bar #69272
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
tim.hilton@huschblackwell.com
kat.pearlstone@huschblackwell.com

Randall S. Thompson MO Bar #45581
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505
Email: randall.thompson@huschblackwell.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on the 12th day of June, 2020, a copy of the above and foregoing was served via the Court's electronic notification system and by United States Mail, postage prepaid, to:

Ivan L. Nugent, MO #62148
4520 Main, Ste. 700
Kansas City, MO 64111
Tele: (816) 756-5800
Fax: (816) 756-1999
inugent@krigelandkrigel.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ Katherine T. Pearlstone*
Attorney for Defendant